Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel XII

| | | |
|---|---|---|
| LUZ ZENAIDA SANTIAGO SOSA en representación de MARESOL IRIZARRY t/c/c MARISOL IRIZARRY BONILLA<br>        Recurrentes<br><br>v.<br><br>ONNABEL A. FERNÁNDEZ CUELLO; HADID IRIZARRY BONILLA, MARÍA DEL CARMEN IRIZARRY BONILLA, TERESITA IRIZARRY BONILLA y JOHN DOE COMO DEMANDADO DESCONOCIDO<br>        Recurridos | TA2025CE00501 | *Certiorari* procedente del Tribunal de Primera de Instancias, Sala Superior de San Juan<br><br>Caso Núm. SJ2022CV02367<br><br>Sobre:<br>Acción Reivindicatoria |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli

Adames Soto, Juez Ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 14 de noviembre de 2025.

Comparece Luz Zenaida Santiago Sosa en representación de Maresol Irizarry t/c/c Marisol Irizarry Bonilla (Peticionaria o señora Irizarry Bonilla) y nos solicita que revoquemos la *Orden* que emitió el Tribunal de Primera Instancia (TPI), Sala Superior de San Juan, el 10 de septiembre de 2025. En dicho dictamen, el foro recurrido declaró No Ha Lugar las solicitudes de remedio provisional que presentó la Peticionaria.

Evaluados los asuntos ante nuestra consideración, adelantamos que hemos decidido *Denegar* expedir el recurso de *certiorari* solicitado.

## I. **Resumen del tracto procesal**

La controversia ante nuestra consideración se originó cuando la Peticionaria presentó una *Demanda* sobre acción reivindicatoria en contra de la señora Onnabel A. Fernández Cuello (Recurrida o señora Fernández

Cuello) el 28 de marzo de 2022. Surge que la señora Fernández Cuello se encuentra en posesión de una propiedad, situada en San Juan, cuya titularidad reclama la Peticionaria.

Según se expuso en la acción incoada, la Peticionaria es codueña del referido inmueble en calidad de heredera, junto a sus hermanos Hadid, María del Carmen y Teresita Irizarry Bonilla. A pesar de ello, adujo que la Recurrida invadió la propiedad, la modificó de mala fe y mantiene su posesión sin justo título.

Entonces, luego de acontecidas varias incidencias procesales, entre las cuales valga mencionar, la presentación de una moción de sentencia sumaria por la parte Peticionaria y el correspondiente escrito en oposición, la primera instó sendas mociones de remedio provisional contra la segunda, al amparo de la Regla 56.1 de Procedimiento Civil (32 LPRA Ap. V, R. 56.1), afirmando que la señora Fernández Cuello continuaba ejerciendo actos de dominio en el inmueble, a pesar del pleito iniciado. En consecuencia, solicitó una orden para que la Recurrida desistiera de continuar con las obras de construcción que lleva a cabo en el inmueble.

La parte Recurrida se opuso a las peticiones, arguyendo que los trabajos que lleva a cabo en el inmueble se debían a la reparación urgente de una tubería que explotó. Además, advirtió que no procedía el remedio solicitado por la Peticionaria, en tanto esta aún no había podido demostrar titularidad sobre la casa.

Sopesados los asuntos, el 10 de septiembre de 2025, el TPI decretó No Ha Lugar el remedio provisional solicitado.

Inconforme con lo resuelto, la señora Irizarry Bonilla acude ante este foro intermedio, mediante el recurso de *certiorari* de epígrafe, en el que señala como único error el siguiente:

> ERRÓ EL TRIBUNAL AL NO CONCEDER UN REMEDIO PROVISIONAL ORDENANDO ABSTENERSE A LA DEMANDADA DE CUALQUIER ACTO DE CONSTRUCCIÓN PROSPECTIVO EN LA PROPIEDAD DE CONTROVERSIA Y/O DETENIENDO LOS RECIENTES ACTOS DE CONSTRUCCIÓN O DEMOLICIÓN EJECUTADOS POR LA DEMANDADA, MIENTRAS QUE SE CUESTIONA SU POSESIÓN DEL INMUEBLE, MAS AUN HABIDA CUENTA QUE EN SU

CONTESTACIÓN A LA MOCIÓN DE SOLICITUD DE SENTENCIA SUMARIA DOS VECES EXPONE A TRAVÉS DE SU REPRESENTACIÓN LEGAL QUE NO CUESTIONA LA TITULARIDAD DEL INMUEBLE; ENTRADA NÚM. 77 DE SUMAC.

Habiéndosele apercibido por este foro intermedio del recurso presentado por la Peticionaria, la Recurrida instó *Réplica a certiorari*.

## II. Exposición de Derecho

El auto de *certiorari* permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *800 Ponce de León Corp. v. American International Insurance*, 205 DPR 163, 174 (2020); *Municipio Autónomo de Caguas v. JRO Construction*, 201 DPR 703, 710 (2019); *Medina Nazario v. McNeil Healthcare LLC.,* 194 DPR 723 (2016). Es, en esencia, un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *García v. Padró*, 165 DPR 324 (2005). La expedición del auto descansa en la sana discreción del tribunal y encuentra su característica distintiva, precisamente, en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *Municipio Autónomo de Caguas v. JRO Construction,* supra*, pág. 711. El concepto discreción implica la facultad de elegir entre diversas opciones. *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012). Claro, la discreción judicial no es irrestricta y ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *Municipio Autónomo de Caguas v. JRO Construction,* supra*, págs. 711-712; *Negrón v. Srio. de Justicia,* 154 DPR 79 (2001).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52, establece que el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, será expedido por el Tribunal de Apelaciones cuando se recurre de: (1) una resolución u orden bajo la Regla 56 (Remedios Provisionales) y la Regla 57 (*Injunction*) de Procedimiento Civil; (2) la denegatoria de una moción de carácter dispositivo y; (3) por vía de excepción de: (a) decisiones sobre la

admisibilidad de testigos de hechos o peritos esenciales; (b) asuntos relativos a privilegios evidenciarios; (c) anotaciones de rebeldía; (d) casos de relaciones de familia; (e) casos que revistan interés público; y (f) cualquier otra situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia.

En virtud de lo anterior, para poder ejercitar debidamente nuestra facultad revisora sobre un caso, primeramente, debemos determinar si el asunto del cual se recurre se encuentra dentro de alguna de las materias contempladas en la Regla 52.1, *supra.* De ser así, entonces procede evaluar si a la luz de los criterios enumerados en la Regla 40[1] de nuestro Reglamento, 4 LPRA Ap. XXII-B, se justifica nuestra intervención. Con todo, se ha de considerar que ninguno de los criterios contenidos en la Regla 40 citada, es determinante por sí solo para el ejercicio de nuestra jurisdicción. *García v. Padró,* supra.

En este ejercicio, nuestro máximo foro ha expresado que un tribunal apelativo no intervendrá con las determinaciones interlocutorias discrecionales procesales de un tribunal sentenciador en ausencia de pasión, perjuicio, parcialidad o error manifiesto. *Argüello v. Argüello*, 155 DPR 62, 78-79 (2001). Cónsono con esto, el mismo alto foro ha advertido que nuestro ordenamiento jurídico desfavorece la revisión de las determinaciones interlocutorias. *Medina Nazario v. Mcneil Healthcare LLC*, supra, pág. 730.

---

[1]    A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos, son contrarios a derecho.
   B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
   C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
   D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberá ser elevados, o de alegatos más elaborados.
   E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
   F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
   G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

### III. Aplicación del Derecho a los hechos

En primer término, según citamos de la Regla 52.1 de Procedimiento Civil, *supra*, la denegatoria de una moción instada al amparo de la Regla 56 de Procedimiento Civil, *supra*, (remedios provisionales), nos habilita para intervenir con el dictamen interlocutorio, si se justifica el ejercicio de nuestra discreción. En efecto, en este caso la Peticionaria cuestiona la *Orden* del TPI que denegó su solicitud de un remedio provisional para que la señora Fernández Cuello se abstuviera de continuar construyendo en el inmueble cuya titularidad reclama, lo que facultaría el ejercicio de nuestra discreción.

Sin embargo, hemos decidido abstenernos de intervenir con el dictamen interlocutorio recurrido, por cuanto no logramos advertir que el TPI haya incurrido en pasión, prejuicio, parcialidad o error manifiesto al negarse a emitir la orden pretendida. En específico, según surge de los autos, la Peticionaria aún no ha logrado establecer propiamente su titularidad sobre el bien cuyo remedio solicita del Tribunal, sin haber provisto siquiera constancia de una Petición sobre Declaratoria de Herederos que acredite su condición de heredera. De aquí que, reiteramos, no podamos imputar abuso de discreción al foro recurrido al denegar la concesión del remedio provisional solicitado.

### IV. Parte dispositiva

Por lo explicado, **denegamos** expedir el recurso de *certiorari* solicitado.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones